Roger PORTER, Plaintiff,

v.

AAR AIRCRAFT SERVICES, INC., a/k/a AAR, and AAR Corp., Defendants.

Civil Action No.: 2:15-cv-02780-STA-tmp

United States District Court,
W.D. Tennessee,
Western Division.

Signed October 3, 2016

James L. Holt, Jr., Jackson Shields Yeiser Holt Speakman & Lucas, Rex L. Brasher, Jr., Brown Brasher & Smith, Memphis, TN, Paula Rachelle Jackson, Jackson Shields Yeiser & Holt, Cordova, TN, for Plaintiff.

James R. Mulroy, II, Craig A. Cowart, Sally Foster Barron, Jackson Lewis P.C., Memphis, TN, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

S. THOMAS ANDERSON, UNITED STATES DISTRICT JUDGE

Plaintiff has filed a motion seeking leave to file a third amended complaint. (ECF No. 32.) Defendants have filed a response in which they oppose the motion, (ECF No. 37), and Plaintiff has filed a reply. (ECF No. 40.) For the reasons set forth below, Plaintiff's motion is **DENIED.**

Plaintiff filed his original complaint in the Chancery Court of Shelby County, Tennessee on October 28, 2015, against AAR Aircraft Services, Inc. a/k/a AAR. (ECF No. 1-2.) The complaint alleged a cause of action based on breach of contract. Defendants removed the case to this Court. (ECF No. 1.)

On December 16, 2015, Plaintiff filed an amended complaint, adding AAR Corp. as a defendant and adding causes of action based on promissory estoppel and unjust enrichment (ECF No. 11.).

On March 24, 2016, the Court entered a scheduling order which established a deadline of April 15, 2016, for Plaintiff to file any motions to amend his pleadings. (ECF No. 19.)

On May 20, 2016, Plaintiff filed a motion to amend his complaint a second time to add claims for certain damages under Louisiana law. (ECF No. 26.) Defendants did not oppose the motion, and the motion was granted. (ECF No. 27.)

Plaintiff now seeks to amend his complaint for the third time to "clarify [his] alternative claim for promissory estoppel." (ECF No. 32-1 at p. 2.) Plaintiff states that the amendment "will not result in significant expenditure of additional resources or delay of this action because Defendants have been aware of the facts underlying Plaintiff's clarification of his claim." (*Id.* at p. 3.) Plaintiff has also offered to pay the court reporter fees if Defendants choose to depose him concerning any new allegations or claims contained in the third amended complaint.

 Normally, motions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court "should freely give leave when justice so requires."[1] However, the Court has substantial discretion and can deny the motion for leave "based on undue delay, bad faith or dilatory motive or futility of amendment."[2] The Court may also deny such a motion due to the "repeated failure [of the moving party] to cure deficiencies" or because of "undue prejudice" to the nonmoving party; but, in general, the mandate that leave is to be "freely given ... is to be heeded."[3]

 A "different standard applies when a proposed amendment is so late that it

1. Fed. R. Civ. P. 15(a)(2).

2. *Pedreira v. Ky. Baptist Homes for Children,* 579 F.3d 722, 729 (6th Cir. 2009) (internal quotation omitted).

3. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

 

would require the modification of a Rule 16 scheduling order."[4] Rule 16 of the Federal Rules of Civil Procedure permits the modification of a scheduling order only for "good cause" and with the court's "consent."[5] The heightened standard "ensure[s] that at some point both the parties and the pleadings will be fixed," only subject to modification based upon a showing of good cause.[6]

Good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements."[7] In considering "good cause," the Court must also consider—as one "consideration that informs" the analysis—whether the defendant would be prejudiced by the amendment and the modification of the scheduling order.[8] Even if no prejudice is evident, the plaintiff still "must [ ] explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order."[9] When the plaintiff's explanation for the delay is insufficient, it is appropriate for the Court to deny the motion for leave to amend.[10] Only if the plaintiff establishes "good cause" does the Court proceed to the more permissive Rule 15(a)(2) analysis.[11]

Defendants argue that Plaintiff has not shown good cause for the amendment, that they would suffer substantial prejudice if the Court were to grant the motion, and Plaintiff has not otherwise met the Rule 15 factors. The Court agrees with Defendants that Plaintiff has not shown good cause for the late amendment. Therefore, the Court need not look at the Rule 15 factors.

Although Plaintiff states that he had shown good cause, ("Since Plaintiff has demonstrated good cause, this Honorable Court should freely grant Plaintiff leave to amend his Complaint, (Pl's Memo, p, 2, 32-1), his statement is merely conclusory, and he has provided no explanation as to why he did not

file his motion earlier or why his two previous amended complaints did not cure any defects.

Accordingly, Plaintiff's motion to file a third amended complaint is **DENIED.**

**IT IS SO ORDERED.**

**4.** *Korn v. Paul Revere Life Ins. Co.,* 382 Fed.Appx. 443, 449 (6th Cir. 2010).

**5.** Fed. R. Civ. P. 16(b)(4).

**6.** *Leffew v. Ford Motor Co.,* 258 Fed.Appx. 772, 777 (6th Cir. 2007).

**7.** *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625–26 (6th Cir. 2002) (internal quotation omitted).

**8.** *Korn,* 382 Fed.Appx. at 450.

**9.** *Id.*

**10.** *Id.*

**11.** *Commerce Benefits Grp. v. McKesson Corp.,* 326 Fed.Appx. 369, 376 (6th Cir. 2009).